UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK J. GREGG,

                    Petitioner,                    Case No. 2:09-cv-133

v.                                                 Honorable R. Allan Edgar

JEFF WOODS,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

          This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.
§ 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a
preliminary review of the petition to determine whether "it plainly appears from the face of the
petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."
Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be
summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court
has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4
includes those petitions which raise legally frivolous claims, as well as those containing factual
allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.
1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).
*Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4,
I conclude that the petition is barred by the one-year statute of limitations.

          Petitioner currently is incarcerated at Kinross Correctional Facility.  He was convicted
by a jury of one count of possessing chemical or laboratory equipment for manufacturing

methamphetamine, MICH. COMP. LAWS § 33.7401c(2)(a), and one count of possession with intent to deliver the controlled substance methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(I). On August 4, 2005, Petitioner was sentenced by the Eaton County Circuit Court to terms of incarceration of 6 to 15 years and 6 to 30 years, respectively. (Am. Pet. at 1, docket #7.[1]) Petitioner filed a direct appeal of his conviction, which was denied by the Michigan Court of Appeals on October 17, 2006. He did not seek leave to appeal from the Michigan Supreme Court.

On January 11, 2008, Petitioner filed a motion for relief from judgment with the Eaton County Circuit Court. It was denied on April 18, 2008. He then sought leave to appeal from the Michigan Court of Appeals and the Michigan Supreme Court. Leave was denied on November 10, 2008, and April 28, 2009, respectively.

On May 7, 2009, Petitioner filed an application for habeas relief in the Eastern District of Michigan which was then transferred to this District. Petitioner was ordered to file an amended petition on the proper form. Petitioner filed an amended petition on July 31, 2009, raising the claim that Petitioner "was denied his right to be sentenced on accurate information." (Am. Pet. at 6.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

---

[1] *See also* Petitioner's entry on the Michigan Department of Corrections Offender Tracking Information System (OTIS): http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=570456

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his

conviction to the Michigan Court of Appeals. The Michigan Court of Appeals denied his appeal on

October 17, 2006. Petitioner did not seek leave to appeal from the Michigan Supreme Court.

Where a petitioner has failed to pursue an avenue of appellate review available to

him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. §

2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the

judgment became final by the conclusion of direct review *or the expiration of time for seeking such*

*review*." ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day

period during which he could have filed a petition for certiorari to the United States Supreme Court.

*See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a

motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of

appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in

the United States Supreme Court because no judgment exists from which he could seek further

review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003)

(holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the

Supreme Court will review only final judgments of the "highest court of a state in which a decision

could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of

the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d

690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002

WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d

Cir. 2000)). Petitioner's conviction therefore became final on December 12, 2006. Absent tolling,

Petitioner had one year from December 12, 2007, to file his habeas application.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is

tolled while a duly filed petition for state collateral review is pending, the tolling provision does not

"revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 2007, his motion for relief from judgment filed in 2008 does not serve to revive the limitations period. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2009


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).